## In re Mothers' Assistance Fund.

O'HARA, Dep. Att'y-Gen., Oct. 30, 1928.—We have your request for an opinion by this department upon the eligibility of Mrs. Albert H. Walker for assistance from the Mothers' Assistance Fund.

You submit the following statement of facts:

Albert H. Walker resided with his family in Lancaster County upwards of two years and died in December, 1925. The widow and her family remained in Lancaster County until April, 1926, when she and her children went to Franklin County, the residence of her father, where she remained until May, 1926, when she returned to Lancaster County. There she filed an application with the Mothers' Assistance Fund in June, 1926, for relief. Immediately after filing the application, she returned to Franklin County. The following month she came back to Lancaster and in July and August conducted a rooming-house. This venture was not successful, and in August, 1926, she was compelled to return to her father's home in Franklin County. Finding it impossible to obtain work there, in August, 1926, she went to Hagerstown, Maryland, for the purpose of keeping house for her brother.

No action was taken by the Lancaster County board until April, 1927, when it was dismissed by the board because, as it concluded, she had lost her residence in Lancaster County by absence from the county for a period of a year. Her application had not been considered by the board until April, 1927, because of prior applications pending before the board.

In November, 1926, she made application to the Mothers' Assistance Board of Franklin County. That board did not consider her eligible for relief in that county at that time because she had not been a resident of Franklin County for one year.

One year from the date of filing her application with the Franklin County board, the Franklin County trustees investigated her claim and found that she had been living in Hagerstown, Maryland, since August, 1926, and thereupon the Franklin County board dismissed her application.

You submit the following question:

Is she no longer eligible in Lancaster County for relief and will it be necessary for her to live twelve consecutive months in Franklin County in order to qualify for assistance there, or has she lost her State residence and by reason of that fact is it necessary for her to reside in Pennsylvania continuously for two years before she may again be considered in any county of this Commonwealth?

There can be no question that in June, 1926, when she filed her application in Lancaster County she was eligible for relief there. Her application was not considered because of pending applications having priority. While it is not so stated in your letter, I am informed verbally that she left Lancaster County at that time because of her inability to provide for herself and her

children and thereafter continued to reside temporarily with either her father or her brother, pending the granting of her application; that when she left Lancaster County it was with the intention to return to it, and she deemed Lancaster her home.

Under such state of facts, if so found by the board, we are of the opinion that the period of one year's residence within the county and two years' residence within the State mean one year and two years, respectively, immediately preceding the date of application. If on the date of application the local board is unable to grant immediate relief, and, as a result thereof, the applicant is compelled to temporarily sojourn outside the county or State in order to live and maintain her children pending action upon her application, she does not by reason of her absence from the county lose her eligibility or her priority on the list of applicants. Under the circumstances, her application may be reinstated by the Lancaster County board as of June, 1926, for immediate or preferred action.

If, on the other hand, after investigation, the board concludes that when Mrs. Walker left Lancaster County in August, 1926, it was her intention to abandon her residence in Lancaster County and take up her residence in Hagerstown, Maryland, permanently, then her application fell and might have been treated as if withdrawn.          From C. P. Addams, Harrisburg, Pa.